TYMKOVICH, Circuit Judge,
concurring.
I fully concur in Judge Henry’s disposition. I write separately because this case raises a stark reality I wish to highlight: What happens when the Supreme Court ignores the plain meaning of a statute?
The statute at issue here is not ambiguous or' unclear. It prohibits discharge of debts that (1) arise from a fine, penalty, or forfeiture, (2) are payable to a governmental unit, and (3) are not compensation for actual victim loss. 11 U.S.C. § 523(a)(7). In this ease, Troff s debt fails the second and third elements, and, one would think, that would be the end of the story.
But the Supreme Court in Kelly v. Robinson, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), tells us that we should discount the statutory text for policy considerations. The Kelly Court could easily have ruled as a textual matter in favor of the government in that case since (1) the recipient of restitution was a governmental agency, not a private person, and (2) the losses were linked to the state’s welfare program, not to specific victims. Instead of leaving well enough alone, however, the Court departed from ordinary textual analysis and followed the lure of policy maker. Thus, we get odd language from Kelly such as “the text is only the starting point,” followed by language endorsing a policy assessment — we need figure out what is “for the benefit of society as a whole.”
I agree with the bankruptcy court below that the Supreme Court overreached in Kelly. I probably would also agree with the Supreme Court that the better national policy is for state criminal restitution orders to be non-dischargeable in bankruptcy. But that is not what Congress said in § 523. It is the Court’s interpretation of the statute that commands that the debtor lose here, not the language Congress chose to use in the statute. As tempting as it would be to ignore the Supreme Court’s interpretation of the text in favor of the actual text, that is not our role at the circuit court level.
In the end, Kelly is a textbook example of the Court ignoring the plain meaning of a statute to further competing policy goals with very good arguments on each side. It is not altogether clear the Court made the best choice. It appears nonetheless that Congress over the years has acquiesced in that interpretation, so perhaps this is a case of “no harm, no foul.” Even so, subject to the vagaries of stare decisis, the Supreme Court could and should cor *1244 rect its error by taking this case and narrowing the holding of Kelly to the statutory text.